**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEONEL LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18cv03050 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company ("Defendant") files this Brief in Support of its Motion to Dismiss Plaintiff's Original Petition.

## I. GROUNDS FOR MOTION

In the Plaintiff's Original Petition (hereafter, "Petition"), Plaintiff seeks recovery of disability benefits and also asserts a cause of action of breach of contract.[1] This cause of action is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as true,[2] are insufficient to support the relief requested. Plaintiff also seeks a trial by jury,[3] which is not available under ERISA. Moreover,

---

1 See Petition, at p. 4 unnumbered paragraphs in section IV.

2 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Defendant does not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

3 Petition at ¶ IX.

based on the face of the Petition, Plaintiff has failed to exhaust required administrative remedies that are a condition precedent to the claim against Defendant.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[4] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[5] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[6] As demonstrated below, the Petition fails to meet these requirements and must be dismissed in its entirety.

Plaintiff's Petition directly refers to the disability benefits plan documents that govern the claim for disability benefits and also refers to Defendant's decision on her claim for benefits that form the basis of this action. Accordingly, true and correct copies of the Policy (Exhibit A), the Summary Plan Description (Exhibit B), and Defendant's March 21, 2018, letter to Plaintiff's counsel (Exhibit C) pertaining to the disability benefit plan sponsored by Plaintiff's employer, Daisy Brand, Inc., and the claim for benefits are attached hereto and incorporated herein by reference. Although Plaintiff did not attach these documents to the Petition, references are made in the Petition to the Policy, the disability plan, and Defendant's claim decision.[7] Additionally, Plaintiff's claims are clearly predicated on the Policy, the benefits plan, and the claim decision. It is well-established that under such circumstances, Defendant may attach these documents to

---

4 Fed. R. Civ. P. 12(b)(6).

5 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

6 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

7 See Petition, at p. 4 unnumbered paragraphs in section IV.

the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see also Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991); Cortec Industries v. Sun Holding, 949 F. 2d 42, 48 (2d Cir. 1991); Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Weiner v. Klais and Co., 108 F.3d 86 (6th Cir. 1997); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997); Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Plan Documents that the disability plan at issue is an ERISA plan.[8] Further, the only conduct of Defendant about which Plaintiff complains in the Petition is Defendant's denial of Plaintiff's disability benefits under the plan

[8] See Petition, at p. 4 unnumbered paragraphs in section IV; Plan Documents, Exhibit A; Plaintiff's allegations in the Petition and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); Memorial Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990).

and the administration of his claim for benefits under the plan.[9] Therefore, it is clear that the Court must refer to the Plan Documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Petition, Plaintiff's state law cause of action is in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or

---

9 See Petition, at p. 4 unnumbered paragraphs in section IV.

hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Petition are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. PLAINTIFF HAS FAILED TO SATISFY A CONDITION PRECEDENT TO RECOVERY FROM THE DISABILITY PLAN BECAUSE HE HAS NOT SUBMITTED A FINAL ADMINISTRATIVE APPEAL OF THE DENIAL OF FURTHER BENEFITS FROM THE DISABILITY PLAN.

Plaintiff does not assert in his Petition that he has satisfied conditions precedent to bringing his claim, specifically, exhausting administrative remedies by submitting an appeal of the denial of further benefits from the disability Plan. Although Plaintiff did submit a first level appeal, he did not submit a second level appeal, as specifically required by the Policy and the SPD. The Policy and SPD specifically require, "Before bringing a civil legal action under the federal labor law known as ERISA, an employee benefit plan participant or beneficiary must exhaust available administrative remedies. Under this Policy, the plan participant or beneficiary "must first seek two administrative reviews of the adverse claim decision, in accord with this section."[10] (emphasis added). Further, Plaintiff's counsel was advised of the requirement to pursue a final administrative appeal in Lincoln's March 21, 2018, letter of denial of Plaintiff's first level of appeal.[11] Because Plaintiff has failed to submit a final administrative appeal, he has failed to satisfy a condition precedent to recovery of benefits from the disability plan under the Policy.

The Fifth Circuit has clearly embraced the requirement that ERISA plan participants exhaust all administrative remedies with the ERISA plan before filing suit against the plan. Denton v. First Nat'l Bank of Waco, 765 F.2d 1295 (5th Cir. 1985); Simmons v.

---

10 See Exhibit A, Policy, at p. 14; Exhibit B, SPD, at p. 11.

11 See Exhibit C, at p. 4. "As a reminder, your client has exhausted their first level of appeal. If your client disagrees with this decision, you, your client, or a person legally authorized as your client's representative, may pursue a final administrative appeal. To initiate this process please have your client or an authorized representative submit a written request for review to the following address within 180 days after you receive this denial notice."

Wilcox, 911 F.2d 1077 (5th Cir. 1990). "The policies behind the exhaustion requirement include upholding Congress's desire that ERISA trustees and not the federal courts be responsible for the actions of plan administrators, providing a clear record of administrative action if litigation ensues, and allowing judicial review of fiduciary action or inaction under the abuse of discretion standard, where applicable, rather than de novo." Bourgeois v. The Pension Plan for the Employees of Santa Fe International Corp., 215 F.3d 475, n. 4 (5th Cir. 2000), citing Denton v. First Nat'l Bank of Waco, 765 F.2d at 1300.

Plaintiff did not satisfy conditions precedent to his claim by submitting a second level appeal of the termination of benefits, even though the Policy, the SPD, and the March 21, 2018, letter specifically set forth the procedure for the second level to appeal the termination of benefits. Therefore, Plaintiff has not satisfied the ERISA administrative remedies exhaustion requirement. Accordingly, any claim Plaintiff may pursue under ERISA to recover benefits will not be valid and must be dismissed with judgment entered in Defendant's favor.

Moreover, the Fifth Circuit has specifically held that it will not remand a case to the ERISA plan for an appeal to be filed if the deadline for filing the appeal has passed. Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014 (5th Cir. 1993), cert. denied, 508 U.S. 956 (1993). The deadline for Plaintiff to have submitted an appeal was 180 days after the day Plaintiff received the March 21, 2018, letter. Even allowing for delivery of the letter as late as 7 days later, or on March 28, 2018, the deadline to submit an appeal expired at least by September 23, 2018. As the deadline for an appeal has long passed, to the extent that Plaintiff may have been deemed to have brought a claim against Defendant under ERISA for recovery of disability benefits, that claim must be dismissed by the Court.

### D. THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION

As stated above, all of Plaintiff's state law causes of action against Defendant must be dismissed and repled under ERISA 29 U.S.C. § 1132(a)(1)(B). Additionally, a trial by jury is not available under ERISA. Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Borst v. Chevron Corp., 36 F.3d 1308, 1323-24 (5th Cir. 1994). Accordingly, Plaintiff's demand for a jury in this action should be stricken by the Court.

## III.
## REQUEST FOR RELIEF

Defendant requests the Court dismiss Plaintiff's Original Petition against it with prejudice, award Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Defendant any other relief to which it shows itself justly entitled. Should the Court not dismiss Plaintiff's claims against Defendant in their entirety, Defendant requests the Court dismiss with prejudice and/or strike Plaintiff's request for a jury trial; the Court award Defendant's attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and the Court grant Defendant any other relief to which it shows itself justly entitled.

Dated this 23rd day of November 2018.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Lawrence L. Mealer
Email: llmealer@sbcglobal.net

November 23, 2018
Date

/s/ Iwana Rademaekers
Iwana Rademaekers