Lincoln Financial Group

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.

**The Lincoln National Life Insurance Company**
Service Office:
8801 Indian Hills Drive
Omaha, NE 68114-4066
Toll free (800) 423-2765
www.Lincoln4benefits.com

March 21, 2018

LAWERENCE L MEALER ATTORNEY AT LAW
ATTN LAWRENCE MEALER
1720 REGAL ROW
SUITE 200
DALLAS, TX 75235

Re: Policyholder: DAISY BRAND INC
Policy Number: 00086005910900000
Claim Number: 1150094656
Claimant: Leonel Lozano

Dear Mr. Mealer:

We have completed our review of your client's Long Term Disability appeal. Based on the information provided, we have determined that we are unable to approve benefits beyond 09/14/2017. In our appeal review process, all information previously submitted as well as any new documentation was used to make a determination.

To be eligible for benefits under the policy issued to your client's employer, an individual must satisfy all of the provisions of the policy. This includes, but is not limited to, the following:

**Total Disability or Totally Disabled** will be defined as follows.
1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any Gainful Occupation.

**Gainful Occupation** means any occupation in which the Insured Employee:
1. is or could reasonably become qualified, considering his or her education, training, experience, mental and physical abilities;
2. could reasonably find employment, considering the demand in the national labor force; and

©2018 Lincoln National Corporation www.lincoln4benefits.com
Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
Affiliates are separately responsible for their own financial and contractual obligations.

EXHIBIT
C

3. could earn (or reasonably expect to earn) a before-tax income at least equal to 60% of his or her Predisability Income, within 12 months of returning to work.

The policy has a 24 month Own Occupation Period which ended on 09/14/2017. In order to be considered Totally Disabled beyond this date, the medical documentation must support that your client would be Totally Disabled as defined above. As such, in considering your client's eligibility for Long Term Disability benefits beyond 09/14/2017, we evaluated whether your client is Totally Disabled as defined above.

Your client's entire file was reviewed upon appeal. Disability must be supported from 09/14/2017 forward, which was the focus of our determination.

**Summary of Initial Claim Filing**

As you know your client's claim was originally approved from 09/14/2015 to 09/14/2017 as we found your client met the definition of Total Disability that applied during this period. Benefits were terminated as of 09/14/2017, because we determined your client was not Totally Disabled as defined above. Our evaluation included review of the medical documentation, including consultation with and/or review of a written report from an independent physician who is Board Certified in Orthopedics. For complete details please refer to our letter dated 08/14/2017.

**Summary of Appeal**

On 01/09/2018, your client filed an appeal in response to our determination to terminate benefits. Additional information was not submitted with your client's appeal, review of prior information was performed.

For a detailed review of your client's medical records please refer to our letter dated 02/23/2018 where we sent you this recent review and a July 2017 review by an independent physician reviewer who is Board Certified in Orthopedics.

Review of records at this appeal level fund:

4/14/16 Dr Lue: pt cannot lift using left arm. Can sit, stand, and walk frequently. Never finger.

3/27/17 Dr Lue: no computer work

6/12/17 Dr Lue: pt can lift up to 20 lbs occasionally, can occasionally sit, stand, and walk

Medical office notes or hospital reports as so stated in the records:

4/18/17 exam: no swelling, warmth, erythema, drainage. AFF 140° on right and 160° on left. Appropriate ROM and neurovascular intact.

In regard to the review response/rebuttal you forwarded on 03/06/2018, we had an additional addendum review performed. However, since the latest medical review dated 02/08/2018, there has been no new significant illness, injury or re-injury reported that would otherwise

contribute to new medically reasonable work restrictions or limitations. There was no new physical examination, functional capacity evaluation or diagnostic test provided.

**Appeal Decision**

We understand that your client has been diagnosed with Sprains and Strains of the upper shoulders. However, our review of the medical documentation, which included consultation with and/or review of a written report from a health care consultant, does not support restrictions and limitations that would render your client unable to perform each of the main duties of any gainful occupation that your client has the training, education, and experience to perform beyond 09/14/2017.

The review of the medical records found that the file predominantly discussed bilateral upper extremity symptomatology without compelling evidence of lower extremity dysfunction, torso, sacral or pelvic dysfunction that would otherwise translate into a diminished sitting, standing or walking functional capacity. There were no other records other than orthopedic records found in the file.

The file did not indicate an instance of ongoing 100% non-weight-bearing status, bedridden status or wheelchair dependency. The file does not indicate an instance of constant, daily Activities of Daily Living (ADL) assistance or that your client needs active hands on help or verbal cue assistance from a secondary individual.

There is insufficient documented evidence of significant or severe gait instability resulting in frequently witnessed falls, significant distal extremity circulatory, sensory and motor deficits that would otherwise translate into a wholly diminished standing, walking or lifting functional capacity. Although our client's treating provider stated that he cannot finger and cannot do computer work, there was insufficient evidence of fine motor decompensation and insufficient documented evidence of fine motor dexterity or coordination problems that would otherwise translate into a wholly diminished grasping, typing or fingering functional capacity.

Therefore, we find that your client is no longer "Totally Disabled" as defined by his policy and on page one of this letter.

**Vocational**

We reviewed your client's past training, education and work experience to evaluate your client's capacity to perform work-related activity. The documentation provided suggests your client is not limited from working in a sedentary work capacity. The definition of sedentary work capacity, as defined by the Department of Labor, is:

Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are only required occasionally (1-33%) and if all other sedentary criteria are met. Sedentary work may require exertion up to 10 lbs. occasionally and a negligible degree of exertion on a frequent (34-66%) or constant (67-100%) basis.

Using *The Dictionary of Occupational Titles* as a reference, we found that your client would be capable of performing the following occupations:

| DOT# | Occupation | Wage (mean) | Physical Demand |
|---|---|---|---|
| 1. 249.362-026 | Order Clerk | $2455.00/mo | Sedentary |
| 2. 249.137-026 | Supervisor, Order Takers | $3135.00/mo | Sedentary |
| 3. 249.367-070 | Routing Clerk | $2378.33/mo | Sedentary |

The preceding list is just a sample of various jobs that your client shows transferable skills to perform. The list is not all-inclusive and is only a sample of possibilities. The jobs listed are found to exist within your client's area and are appropriate from the standpoint of adequate salary levels relative to your client's prior earnings. NOTE: Current hiring or job availability is not a consideration when identifying occupational alternatives, only that the occupations identified exist within the local labor market.

We are aware that your client is qualified to receive other income benefits, such as Social Security Disability Income (SSDI). However, please understand our group policy and review process is independent from that of the Social Security Administration (SSA). Although benefits have been approved for SSDI, this decision was based on the SSA's plan provisions and information received by the SSA. The claim decision made under your client's Lincoln Financial Group policy was based upon information we have obtained from you, your client, your client's treating medical professionals and the results of any internal and/or independent reviews of your client's claim.

**Appeal Rights**

As a reminder, your client has exhausted their first level of appeal. If your client disagrees with this decision, you, your client, or a person legally authorized as your client's representative, may pursue a final administrative appeal.

To initiate this process please have your client or an authorized representative submit a written request for review to the following address within 180 days after you receive this denial notice.

Claims Shared Services
The Lincoln National Life Insurance Company
PO Box 2337
Omaha, NE 68103
Fax: 402-361-1460

The following should be included with the appeal letter:

1. The policy number and claim number;
2. The reason(s) for appealing; and
3. If applicable, any additional documentation to support the appeal, such as medical treatment records, laboratory results, x-rays or other testing results.

Following receipt of your client's appeal, we will review the claim and provide you or your client with a full written explanation of the decision within 45 days. You or your client may also request copies of records and other information relevant to the claim free of charge.

If your client's plan is subject to ERISA, he or she may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office or your client's state insurance regulatory

agency. In addition, once all required reviews of your client's claim have been completed, your client has the right to bring a civil action under applicable law.

The employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is 09/14/2020.

Please contact me directly at the number listed below with any questions you may have or email us at LFGAppeals@lfg.com.

Sincerely,

Susan McShane
800-423-2765 *2769
Sr Claims Examiner, Claims Professional
Appeals Department – Claims Solutions Shared Services
The Lincoln National Life Insurance Company