**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEONEL LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18cv03050 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**JOINT REPORT REGARDING RULE 26(f) MEETING**

Plaintiff Leonel Lozano ("Lozano") and Defendant The Lincoln National Life Insurance Company ("Lincoln"), through counsel of record, conferred on December 28, 2018, and file this Joint Report Regarding Rule 26(f) Meeting.

**1. Pursuant to the Court's Order dated November 26, 2018, the Parties report as follows:**

**(a) A brief statement of the nature of the case and the contentions of the parties.**

Plaintiff seeks to recover long term disability insurance benefits. Plaintiff has asserted a claim against Defendant to recover the benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). He also seeks to recover his attorney's fees and costs under 29 U.S.C. §1132(g)(1). Defendant has answered the lawsuit, denied Plaintiff's claims for relief, and seeks to recover its attorney's fee and costs under 29 U.S.C. § 1132(g).

**Plaintiff's Contentions:**

Plaintiff contends that all conditions precedent to the bringing of this action have been satisfied and the termination by the Defendant of Plaintiff's long-term disability benefits constitutes an abuse of discretion and contravenes the opinion and conclusion of his attending physician.

**<u>Defendant's Contentions</u>**:

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA and the relevant plan documents contain appropriate discretionary language, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration.

**(b) <u>The status of settlement discussions (excluding any discussion of amounts).</u>**

The parties have not yet begun informal settlement negotiations. Should it be needed, the parties agree to mediate in-person with a mutually agreeable mediator.

**(c) <u>Possible joinder of additional parties.</u>**

The parties do not anticipate joining other parties.

**(d) <u>Any anticipated challenges to jurisdiction or venue.</u>**

None.

**(e) <u>The date by which the case will be ready for trial and estimated length of trial.</u>**

The Parties believe that the case will be resolved through joint submission of a stipulated record with briefing to the court. However, if a trial is needed, the Parties estimate that 1 day will be required and propose a trial date of September 23, 2019.

**(f) <u>The desirability of ADR, and the timing for ADR.</u>**

If their discussions are not successful, the parties believe that non-binding mediation is an appropriate alternative dispute resolution method for resolving this matter, in lieu of Court-ordered settlement negotiations. The parties propose a mediation deadline of June 21, 2019.

**(g) <u>Any objections to disclosure under Rule 26(a)(1).</u>**

Defendant will serve the Administrative Record with its Initial Disclosures on Plaintiff no later than January 15, 2019. The parties agree that service of the ERISA Administrative Record by Defendant on the Plaintiff satisfies the requirements of service of Initial Disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure and the parties have agreed to waive initial disclosures by Plaintiff.

**2. A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure.**

**(a) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

See 1(g) above.

**(b) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties believe that, as this matter is a claim for ERISA benefits allegedly due, no discovery is required or permitted in this case other than production of the relevant administrative record and plan documents. In this posture, a relatively short discovery period of 45 to 60 days should be adequate.

**(c) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

Any electronically stored information generated as part of the claim process will be produced as part of the claim file. Disclosure or discovery of any such information will be handled in accordance with the Federal Rules of Civil Procedure.

**(d) any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order;**

The parties do not at this time anticipate any privilege or production issues which will require Court intervention.

**(e) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None at this time.

**(f) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties would be amenable to submission of this case to the Court on a stipulated record, with the Court entering an Order establishing deadlines for filing a stipulated record and briefing. The parties suggest that the stipulated record by filed by March 18, 2019, opening briefs be filed by April 22, 2019, and response briefs be filed by May 20, 2019.

Respectfully submitted,

By /s/ *Lawrence L. Mealer*
Lawrence L. Mealer
Email: llmealer@sbcglobal.net
State Bar of Texas No. 13886600
The Regal Building
1720 Regal Row, Suite 200
Dallas, Texas 75235
PH: (214) 634-0771
FX: (214) 634-0465

ATTORNEY FOR PLAINTIFF

By /s/Iwana Rademaekers
Iwana Rademaekers
Email: iwana@rademaekerslaw.com
State Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Tel: (214) 579-9319
Fax: (469) 444-6456

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that all attorneys deemed to accept service of the above referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via email on this 28th day of December 2018.

/s/Iwana Rademaekers
Iwana Rademaekers